## ZILCH v SADOWSKI & SHAWKE

Ohio Appeals, 9th Dist, Lorain Co

No. 544. Decided May 8, 1931

R. H. Rice, Elyria, for Zilch.

Dworken & Dworken, Cleveland, for Sadowski.

Wheeler & Adrion, Cleveland, for Shawke.

PARDEE, PJ.

The purpose of the statute, as stated by the Supreme Court, is—

"to obtain findings upon all such particular questions of fact, **and upon such only,** as will test the correctness of the general verdict which such findings accompany" and thus "to provide means of ascertaining whether in the general verdict the jury have erred in the application of the law to their conclusions of fact."

**Electric Rd. Co. v Hawkins, 64 Oh St 391, at p. 397.**

We are clearly of the opinion that by answering the interrogatories propounded in this case, the jury would not have found ultimate material facts, and that all of the questions were such that, whether answered in the affirmative or the negative, the answers would have no controlling effect upon the rights of the parties, nor could they affect the general verdict or control the judgment in the case; and for that reason they should not have been submitted to the jury, and the error of the court in the manner of their submission was not prejudicial to the plaintiff in error.

We do not find that it is necessary for us to pass in detail upon all of the many errors alleged. The only one that was prejudicial is the one relating to the injection into the trial of the case of the fact that the plaintiff in error carried liability insurance. From our examination of the bill of exceptions we are compelled to say that we are unanimously of the opinion that one of the attorneys for Florian A. Sadowski intentionally brought this evidence into the case for the purpose of exhibiting to the jury the fact that the plaintiff in error carried liability insurance. This fact was brought out by said attorney early in the trial, and during the trial he repeated the same misconduct, and just before the close of the trial, while the plaintiff in error was being cross-examined by him, he again brought before the jury, unnecessarily and we think intentionally, that the plaintiff in error was covered by liability insurance.

There was a sharp conflict in the evidence as to whether Zilch was guilty of negligence, and the parading before the jury, during the entire trial, of the fact that Zilch carried liability insurance, must necessarily have resulted in prejudice to him in the minds of the jury; and while it is true that the trial court during the trial instructed the jury that they should disregard and not be prejudiced by these statements, and again fully instructed the jury in the general charge that they should disregard these statements about the plaintiff in error being covered by insurance, yet we are of the opinion that this misconduct of the attorney for the plaintiff was such as to result in prejudice to the plaintiff in error.

We have had several cases where the fact that defendants were covered by liability insurance was brought out before the jury, but in all of them we were satisfied that it was innocently done and that the injection into the case, by evidence and otherwise, that the defendant was covered by insurance, was not, under the circumstances of each case, prejudicial; but in this case, in our opinion, it was deliberately done; and we are unable to conceive of a case where the conduct could be worse along this line than is revealed by the bill of exceptions in this case. We are therefore unanimously of the opinion that the injection of this matter into the trial resulted in prejudice to the plaintiff in error and prevented him from having that fair and impartial trial which the laws and constitution of this state entitle him to receive.

At one or more of the times during the trial when evidence was introduced by defendant in error Sadowski in reference to insurance, and at the close of all of the evidence, the attorney for plaintiff in error asked the court to withdraw a juror and declare a mistrial "because of the deliberate attempt of counsel for the plaintiff to inject the insurance element in the case," and we find that it was error for the court to overrule such motion.

The plaintiff in error also alleges that the trial court committed prejudicial error in refusing to give certain special requests before argument, but we have examined all of them and find that the trial court was right in his decision in refusing to give the ones he did.

We do not find any error in the general charge to the jury which was prejudicial to the plaintiff in error.

For the error hereinbefore indicated, the judgment is reversed and the cause remanded for further proceedings as provided by law.

WASHBURN, J, and FUNK, J, concur.